IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-03-69 |
| | § | C.A. No. C-05-185 |
| DEBRA CODNEY, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Debra Codney's ("Codney") motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, which the Court deems filed as of April 7, 2005.[1] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. For the reasons set forth below, the Court DENIES Codney's motion because it is time-barred. Additionally, the Court DENIES Codney a Certificate of Appealability.

---

[1] Codney's motion was received by the Clerk of this Court on April 18, 2005. It was executed, however, on April 7, 2005, and that is the earliest date that it could have been delivered to prison authorities for mailing. A motion by a *pro se* prisoner is deemed filed at the time it is provided to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); see also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). Thus, the Court deems the motion filed as of April 7, 2005.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTS AND PROCEEDINGS

On April 24, 2003, Codney was charged in a superseding three-count indictment with: (1) knowingly and intentionally possessing with intent to distribute 100 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) ("Count 3s"); (2) conspiracy to possess with intent to distribute over 500 grams of a mixture of substance containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B); ("Count 1s"); and (3) knowingly and intentionally possessing with intent to distribute approximately 505 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) ("Count 2s").  (D.E. 19).[2]

Pursuant to a written plea agreement, Codney pleaded guilty to Count 3s.  In exchange for her guilty plea to Count 3s and her waiver of appellate and § 2255 rights, the government agreed to move for the dismissal of the remaining counts, to recommend that she receive maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the guideline range. (D.E. 35, 37).  The plea agreement also contained a voluntary waiver of Codney's right to appeal and to file a § 2255 motion. (D.E. 37 at ¶ 7).[3]  She was sentenced in this Court on August 26, 2003, and judgment in her criminal

---

[2]   Dockets entries refer to the criminal case, C-03-cr-69.

[3]   In addition to being untimely, most of the grounds raised in Codney's motion are also precluded from the Court's consideration because of her knowing and voluntary waiver of her right to file a § 2255

case was entered on September 2, 2003. (D.E. 50). Consistent with her waiver of appellate rights, she did not appeal.

On February 2, 2004, Codney filed a motion seeking discovery, which was denied by this Court in an order entered March 14, 2004. Codney filed the now-pending § 2255 motion on April 7, 2005.

### III.  DISCUSSION

**A.  Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[4]  28 U.S.C. § 2255.  The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the

---

motion. See United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights).  One of her claims, however, arguably falls outside the waiver under Fifth Circuit jurisprudence.  Specifically, she appears to be challenging her plea agreement by arguing that she received ineffective assistance of counsel with regard to her decision to plead guilty because her counsel did not inform her that she could be held responsible at sentencing for the additional drug amounts in the dismissed counts. This claim might not be barred by Codney's waiver. See United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "when the claimed assistance directly affected the validity of that waiver or the plea itself").  Nonetheless, the Court's resolution of her motion solely on limitations grounds make it unnecessary for the Court to address the claim.

[4]  The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

A defendant must file a notice of appeal from a criminal judgment not later than ten days after entry of judgment. Fed. R. App. P. 4(b). As calculated under Fed. R. App. P. 26, those ten days exclude intermediate Saturdays, Sundays and legal holidays. Calculated under Rule 26, ten days after September 2, 2003 is September 16, 2003. In this case, and consistent with her waiver of appellate rights, Codney did not appeal. Her conviction therefore became final when the time for filing an appeal expired, or on September 16, 2003.

She had one year from that date, or until September 16, 2004, to file a § 2255 motion. Because she did not file her motion until April 7, 2005, her motion was filed more than six months late. Moreover, Codney offers no explanation for the untimely filing, and offers nothing from which this Court conclude she is entitled to equitable tolling. Accordingly, her motion is untimely and this Court does not have jurisdiction to consider it.

**B.      Timeliness of Booker claim**

One of the claims raised by Codney motion relies on the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). subsequently extended to the federal guidelines in United States v. Booker, 125 S. Ct. 738 (2005). Specifically, she argues that the enhancements to her sentence based on additional drug quantities in the dismissed

counts violated her Sixth Amendment rights because they were based on facts found by the Court by a preponderance of the evidence, rather than found by a jury beyond a reasonable doubt. (D.E. 68, attached mem. at 7-9). Because Codney's motion claims relief pursuant to Booker, 125 S. Ct. 738, the Court also addresses whether any claim pursuant to Booker is timely. If Booker applies retroactively to cases on collateral review, then her Booker claim is arguably timely under § 2255(3). See supra note 4 .

The Fifth Circuit has not yet addressed whether Booker is retroactively applicable on initial collateral review, although it recently held that the Supreme Court has not made Booker retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. In re Elwood, __ F.3d __, 2005 WL 976998 (5th Cir. April 28, 2005). The Second, Sixth, Seventh, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review, however, and have concluded that Booker does not apply retroactively. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005)(concluding that Booker states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005)(same); Varela v. United States, 400 F. 3d. 864 (11th Cir. 2005)(same); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005)(same).

Similarly, in a post-Booker decision, the Tenth Circuit rejected a § 2255 movant's argument that Blakely applies retroactively. United States v. Price, 400 F.3d 844 (10th Cir.

5

2005). In so doing, the Price court utilized reasoning which would be equally applicable to Booker. See generally id.[5]

The Court agrees with the reasoning set forth in the foregoing cases and thus concludes that Booker is not retroactive to cases on collateral review. Because Codney's conviction became final prior to January 12, 2005, she is not entitled to relief under Booker. Her Booker claim, like the rest of the claims, is barred by the applicable statute of limitations.

**C.    Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Codney has not yet filed a notice of appeal, this Court nonetheless addresses whether she would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

---

[5]    Notably, this Court has been unable to locate any federal decision, from either district courts or circuit courts, holding that Booker does apply retroactively.

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Codney has stated a valid claim for relief, because she cannot establish the second Slack criterion.  That is, reasonable jurists could not disagree that her motion is time-barred.  Accordingly, Codney is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Codney's motion under 28 U.S.C. § 2255 is DENIED.  The Court also DENIES her a Certificate of Appealability.

ORDERED this 31st day of May, 2005.

*Hayden Head*
_____
HAYDEN HEAD
CHIEF JUDGE